IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-89-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| WILLIE DONNELL MCNAIR, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for a detention hearing initiated on the court's motion, pursuant to 18 U.S.C. § 3142(f)(2)(A), made at the initial appearance in this case on 18 April 2011. At the time, the government did not seek defendant's detention. In argument at the detention hearing, it stated that based on the additional information it then had available it was seeking detention.

The government presented the testimony of an officer with the Nash County's Sheriff's Office. Defendant presented no evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. Defendant shall therefore be DETAINED.

## Background

Defendant was indicted on 7 April 2011 for possession of a firearm by a convicted felon on or about 30 September 2009, in violation of 18 U.S.C. §§ 922(g)(1) and 924. He had previously been charged with the same offense by information (D.E. 6) filed on 22 November 2010 in case no.

5:10-CR-376, pursuant to a plea agreement, but on 14 February 2011 he withdrew from the agreement (*see* D.E. 15) and that case was dismissed (*see* D.E. 17).

The evidence presented at the hearing showed that the charges arise from defendant's openly carrying a loaded shotgun on the grounds of an elementary school around 6:00 p.m. on the alleged offense date. In a post-arrest statement to police, he stated that he was returning to the area where several people from whom he had purchased marijuana had jumped him to exact revenge against them. Defendant had been convicted of a felony at the time of the alleged offense.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including defendant's open carrying of a loaded firearm, his doing so on school grounds, his intention to shoot others with the firearm in retaliation for an assault, and his commission of the alleged offense while on probation; defendant's criminal record, including a felony conviction, about 27 misdemeanor convictions (7 for assault or making threats), 4 formal probation revocations (1 for absconding), commission of his felony and 17 of his misdemeanors while on probation; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, although defendant has committed no known offenses since he was charged by criminal information in November 2010, the relatively brief period since that date does not provide as reliable an indicator of defendant's likely conduct on release as his record over 14 years (since 1997). In addition, the fact that he is a longstanding local resident

does not offset the strong incentive he has to flee and the likelihood that he would flee given his manifest disrespect for the law and court orders.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 20th day of April 2011.

James E. Gates
United States Magistrate Judge

3

Case 5:11-cr-00089-BR    Document 13    Filed 04/21/11    Page 3 of 3